UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

TREVOR TAYLOR,

    Plaintiff,

v.

AMERICAN ASPHALT PAVING, LLC.,
a Florida limited liability Company,
JOSEPH DARREN HOLLEY, an individual,
and JENNIFER HOLLEY, an individual.

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiff, Trevor Taylor, ("TAYLOR"), by and through the undersigned attorney, hereby files this Complaint for Damages against Defendants, AMERICAN ASPHALT PAVING, LLC, a Florida Limited Liability Company, (hereinafter "AMERICAN ASPHALT"), JOSEPH DARREN HOLLEY, an individual, (hereinafter "DARREN HOLLEY"), and JENNIFER HOLLEY, an individual, (hereinafter "JENNIFER HOLLEY") (collectively "DEFENDANTS") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action against DEFENDANTS to recover unpaid wages, compensation and damages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq, (hereinafter "FLSA").

## **JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331 and § 1343.

3. The unlawful employment practices alleged below occurred within the Middle District of Florida.

4. At all times material hereto, Plaintiff has been a citizen and resident of the Middle District of Florida and is within the jurisdiction of this Court.

5. At all times pertinent to this Complaint, Defendants, AMERICAN ASPHALT PAVING, LLC, DARREN HOLLEY, and JENNIFER HOLLEY owned and operated a business engaged in interstate commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

6. At all times material hereto, AMERICAN ASPHALT PAVING, LLC was Plaintiff's employer as defined by law and a company conducting business in the Middle District of Florida.

7. Plaintiff's work involved handling, on a regular and recurrent basis, "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.

8. Additionally, AMERICAN ASPHALT PAVING, LLC, engaged in contracts for services with the United States Government.

9. Upon information and belief, during the relevant time period, the Defendants had annual gross volume of sales made or business done of not less than $500,000.00.

10. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

11. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

12. The venue of this Court over this controversy is based upon the following:

a. The unlawful employment practices alleged below occurred in the Middle District of Florida; and,

b. Defendants were and continue to be a company or individuals doing business within this judicial district.

## PARTIES

13. At all times material hereto, Plaintiff, was a resident of Polk City, Polk County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

14. At all times material hereto, Defendant, AMERICAN ASPHALT PAVING, LLC, was conducting business in Tampa, Hillsborough County, Florida, with its principal place of business in that city.

15. At all times material hereto, DARREN HOLLEY and JENNIFER HOLLEY were Plaintiff's employer as defined by law. DARREN HOLLEY and JENNIFER HOLLEY had operational control over AMERICAN ASPHALT PAVING, LLC and are directly involved in decisions affecting employee compensation and hours worked by employees.

16. Moreover, DARREN HOLLEY and JENNIFER HOLLEY controlled the finances for AMERICAN ASPHALT PAVING, LLC

17. The Fair Labor Standards Act, 29 U.S.C. § 203(d), ("FLSA") defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."

18. At all times material hereto, DEFENDANTS were the employers of Plaintiff.

19. At all times material hereto, DEFENDANTS were and continue to be "employer[s]" within the meaning of the FLSA.

20. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by DEFENDANTS.

21. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## PLAINTIFF'S FACTUAL ALLEGATIONS

22. Plaintiff, was employed as a Paver /Roller Operator by DEFENDANTS from on or about August 20, 2016 until April 18, 2019.

23. Under the Fair Labor Standards Act ("FLSA"), employers are required to pay employees 1 ½ times the regular rate for each hour, or fraction thereof, worked in excess of 40 during any given workweek.

24. Plaintiff worked more than 40 hours during most weeks during which he worked for DEFENDANTS. During some work weeks, Plaintiff worked more than 60 hours.

25. DEFENDANTS paid Plaintiff, below the FLSA mandatory overtime rate for all overtime hours worked.

26. Defendants, DARREN HOLLEY, and JENNIFER HOLLEY were supervisors and or managers/owners who were involved in the day-to-day operations and were directly

responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

27. Defendants, DARREN HOLLEY, and JENNIFER HOLLEY were directly involved in decisions affecting employee compensation and hours worked by Plaintiff.

28. DEFENDANTS knowingly, maliciously and willfully operated their business with a policy of not paying wages in conformance with the applicable law.

29. Plaintiff has retained the Appel Law Group, P.A., to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### (Violation of Fair Labor Standards Act: Unpaid Overtime Wages)

30. Plaintiff realleges Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

32. Plaintiff was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

33. During one or more workweeks, DEFENDANTS did not pay Plaintiff time and one half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

34. DEFENDANTS knew or should have known of the unpaid or underpaid overtime hours worked.

35. Plaintiff was not paid for all hours worked which included time off-the-clock before and after shifts and during meal breaks. This time was underestimated and not reported by DEFENDANTS.

36. Plaintiff was not paid for work performed prior to the arrival at the jobsite or work performed after leaving the jobsite.

37. Such work included essential activities performed at the American Paving and Asphalt facility or in other locations to prepare or conclude the daily paving activities.

38. DEFENDANTS utilized the Fluctuating Work Week Method, found in 29 CFR §778.14, to avoid paying overtime at one and one half Plaintiff's normal rate of pay.

39. Pursuant to 29 C.F.R. §778.114(a), (c) employers are specifically required to pay an employee a salary which is a "fixed amount" regardless of how many hours are worked in a given week.

40. On more than one occasion Plaintiff was not paid his "fixed amount."

41. The DEFENDANTS made deductions from Plaintiff's salary which resulted in pay below the "fixed amount" of Plaintiff's "salary."

42. Plaintiff accumulated leave balances for sick leave and vacation which could be used in lieu of hours worked.

43. The sick leave and vacation accumulated by Plaintiff had a monetary value as evidenced in the Plaintiff's payroll records of April 2018.

44. The DEFENDANTS made deductions from the employee's salary for absences occasioned by the employee which resulted a payment of a weekly salary less than the "fixed amount."

45. Deductions for vacation, personal days, and sick days resulted a payment of a weekly salary less than the "fixed amount."

46. DEFENDANTS unlawfully availed themselves to the FLSA "Fluctuating Work Week" method and failed to satisfy all conditions precedent for an overtime rate at less than one and one-half times the hourly rate of Plaintiff's pay.

47. The DEFENDANTS acted willfully and have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

48. DEFENDANTS have failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

49. DEFENDANTS' violations of the FLSA, as described in this Complaint, have been willful and intentional. DEFENDANTS have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

50. Because DEFENDANTS' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

51. As a result of DEFENDANTS' willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

52. Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

53. As a result of the DEFENDANTS' unlawful acts, has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation

pursuant to 29 U.S.C. § 216(b). Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C.§207.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests the following relief:

a. Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201;

b. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under 29 U.S.C. §§ 201 and the supporting Department of Labor Regulations;

c. Attorney's fees and costs pursuant to the FLSA;

d. Post-judgment interest;

e. Any and all further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: July 9, 2019.

Respectfully submitted,

> Jeffrey E. Appel, Esq.
> Appel Law Group, P.A.
> Post Office Box 6097
> Lakeland, FL 33807-6097
> (863) 644-4003 phone
> (863) 644-9065 fax
> jappel@appellawgroup.com
>
> **By:** s/. Jeffrey E. Appel, Esq.
> FBN: 994030